# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>GARY SHEEHAN,<br><br>Defendant/Movant. | Cause No. CR 18-101-GF-BMM<br>CV 21-21-GF-BMM<br><br>AMENDED ORDER DENYING<br>§ 2255 MOTION AND GRANTING<br>CERTIFICATE OF<br>APPEALABILITY |

This case comes before the Court on Defendant/Movant Gary Sheehan's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Sheehan is a federal prisoner proceeding pro se. The Court previously directed the United States to file its discovery in this matter to aid the Court in evaluating Sheehan's motion. The United States filed its discovery, an accompanying brief, and a motion for clarification. (Doc. 180.) After reviewing the file, the Court concludes that Sheehan's § 2255 motion should be denied, and a certificate of appealability should be granted.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

1

Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On November 19, 2018, a criminal complaint was filed against Sheehan on one count of possession with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. The complaint was followed by an indictment by a grand jury on December 6, 2018, on conspiracy to possess with intent to distribute (21 U.S.C. § 846), possession with intent to distribute (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2) and possession of firearms in furtherance of a drug crime (18 U.S.C. §§2 ad 924(c)(1)(A)(i)). (Doc. 24.) A superseding indictment with the same charges was filed on January 10, 2019. (Doc. 36.) A second superseding indictment, filed on March 7, 2019, added a charge of prohibited person in possession of a firearm (18 U.S.C. § 922(g)(1)). (Doc. 46.) A

third superseding indictment was filed August 8, 2019. (Doc. 75.)

Criminal Justice Act panel attorney June Lord was appointed to represent Sheehan on November 20, 2018. (Doc. 10.) Lord moved to withdraw as counsel on August 5, 2019, stating that Sheehan was unhappy with her representation. (Doc. 71.) A hearing was held, and the motion was granted. The Court appointed new counsel, Wendy Holton, on August 12, 2019.

Sheehan moved to change his plea on November 8, 2019, and, after a number of continuances, finally appeared at a change of plea hearing on November 12, 2019. At this hearing, Sheehan pleaded guilty to Counts II and IV of the third superseding indictment. (Doc. 106.) He waived his right to appeal or collaterally attack his sentence, except for claims of ineffective assistance of counsel.

The U.S. Probation Office prepared a presentence report, to which Sheehan raised no objections. Based on a total offense level of 33 and a criminal history category of II, Sheehan's advisory guideline range was 151 to 188 months. The Court varied downward to a sentence of 90 months in prison on Counts II and IV, concurrent, to be followed by five-year and three-year terms of supervised release, also concurrent.  (Doc. 150 at 1-3.)

Sheehan filed an appeal, and appellate counsel replaced Holton. He voluntarily dismissed his appeal about two months later. Sheehan timely filed this § 2255 motion.

### III. Claims and Analysis

Sheehan's motion contains four claims. Claim One is called "C.I. Credibility," and explains that Sheehan did not talk about drugs at all with the confidential informant who advised law enforcement about Sheehan's drug activities. (Doc. 177 at 3.) Claim Two, "subpoenaed phone records," states that Travis Birney subpoenaed Sheehan's phone records without a warrant, leading to the trap, trace, and ping warrant. *Id.* at 4. Claim Three, "Felony stop and the chain of custody of evidence," claims that the Montana Highway Patrol searched his car without a warrant. *Id.* Claim Four, somewhat redundantly called "Chain of Custody on evidence," states that when he and his companions were handcuffed, the police took his wallets, cellphones, etc., never gave a receipt for the property, and have never returned it. *Id.* at 5.

Sheehan ultimately asserts, in a letter appended to his motion, that his first counsel, June Lord, filed only one motion in her ten months on the case, and that she failed to file the motions he asked her to file, related to the incidents above. (Doc. 177-1 at 1.) The rest of the letter elaborates some of the facts upon which he bases his Claims 1–4 described above. Sheehan's motion never mentions Holton, who was his counsel for three months before he changed his plea, and at the time that the motions deadline passed.

Sheehan failed to raise any of these substantive claims in the district court or

on direct appeal, or, if he did so, he voluntarily dismissed them before a ruling, barring their consideration now. *See Bousley v. United States,* 523 U.S. 614 (1998); *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003). Further, Fourth Amendment claims of illegal search and seizure are not cognizable in § 2255 proceedings. *Stone v. Powell*, 428 U.S. 465, 486–89 (1976) (the exclusionary rule exists to deter Fourth Amendment violations by law enforcement rather than to remedy a wrong against a defendant and is a "judicially created remedy rather than a personal constitutional right"); *see also United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (citing *Stone,* holding that Fourth Amendment violations cannot be raised on collateral review).

Therefore, the only relief available to Sheehan is if his counsel was ineffective, which properly may be raised for the first time on a § 2255 motion. *See United States v. Pirro,* 104 F.3d 297, 299 (9th Cir. 1997). A claim for ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Sheehan must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687–88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. A strong presumption exists that counsel's performance falls "within the wide range of

reasonable professional assistance." *Id.* at 689. "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*). In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

As a preliminary matter, the Court notes that Sheehan's motion addresses only his initial counsel, June Lord, and never mentions the counsel who represented him throughout the motions phase, his change of plea, and his sentencing. This omission reflects the content of Sheehan's colloquy with the Court at his change of plea, during which he explicitly stated that he was satisfied with Holton's representation of him. (Doc. 172, COP TR 25:18-26:7.) Because there was an opportunity to file motions to suppress or to proceed to trial for months after Lord was replaced, the only viable claim for ineffective assistance would run against Holton.

Sheehan also discussed with the Court at his change of plea his issues with the search, and the fact that he and counsel had discussed a motion to suppress and counsel did not believe that it would be successful. (Doc. 172, COP TR 26:9-27:25; 32:5-33:11.) Despite Sheehan's interest in filing a motion to suppress,

6

whether to do so represents a strategic choice of counsel rather than a decision made by a defendant. "[S]trategic choices [by counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. It appears that counsel reasonably researched the suppression issues raised by Sheehan and determined that they were not viable.

A review of the discovery produced by the Government leads the Court to the conclusion that Sheehan's counsel's decision not to file a motion to suppress was well within "the wide range of reasonable professional assistance." *Strickland* at 689. Sheehan seems to think that the confidential informant mentioned in search warrants proved to be the irreplaceable lynch pin to the Government's case. Even accepting as true Sheehan's assertions that he never spoke about drugs with the informant, it is clear from the record that multiple people had previously told law enforcement about Sheehan's trips to Salt Lake City for drugs. It is also evident that law enforcement knew of various activities and associates of Sheehan and his co-defendant son going back years, knowledge sufficient to obtain search warrants and pen registers. A review of this discovery by Holton would have led to a reasonable determination that a motion to suppress would be futile. Holton was not ineffective by not filing that motion. In addition, as the record shows that there were no grounds for suppression, Sheehan has also failed to carry his burden on the

second prong of *Strickland*. Sheehan's motion is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Sheehan's claims meet the relatively low threshold required for a COA. Sheehan likely has failed to identify any respect in which counsel's performance was unreasonable. Sheehan also has failed to identify any reasonable probability of a different outcome if counsel had done anything differently. A COA nevertheless is warranted under the low threshold.

Accordingly, **IT IS ORDERED**:

1. Sheehan's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 177) is **DENIED**.

2. The Government's motion for clarification (Doc. 180) is **DENIED** as

moot.

3. The Government shall comply with L.R. CR 41.1, and to the extent the Government has custody or control of any non-contraband property belonging to Sheehan, the Government will facilitate its return.

3. A certificate of appealability is **GRANTED**.

4. The clerk shall ensure that all pending motions in this case and in CV 21-16-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the Government and against Sheehan.

5. The Government's Motion for Clarification (Doc. 184) is **DENIED** to the extent that the Government asks the Court to reconsider issuance of a certificate of appealability. This Amended Order serves to correct the discrepancy between the substance and caption of the Court's Order (Doc. 183) dated July 26, 2021.

DATED this 4th day of August, 2021.

Brian Morris, Chief District Judge
United States District Court